166 F.3d 1222
 1999 CJ C.A.R. 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Scott Anthony RIVARD, Petitioner-Appellant,
v.
L.E. BRUCE; Carla Stovall, Attorney General, Respondents-Appellees.
 No. 98-3207.
 United States Court of Appeals, Tenth Circuit.
 Jan. 14, 1999.
 
 Before BALDOCK, EBEL and MURPHY, Circuit Judges.
 ORDER AND JUDGMENT*
 DAVID M. EBEL, Circuit Judge.
 
 
 1
 Petitioner-Appellant, Mr. Scott Rivard, was convicted of possession of cocaine in Kansas state court. After exhausting his state remedies, Mr. Rivard filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the District of Kansas. The district court denied Mr. Rivard's petition. He now seeks a certificate of probable cause[1] on the same three issues denied in the district court. First, Mr. Rivard claims that evidence presented at trial was insufficient to sustain a conviction. Second, he claims that investigating officers failed to preserve evidence essential to his defense. Third, he contends that the refusal of state authorities to convert his sentence pursuant to the Kansas Sentencing Guidelines Act constitutes a denial of equal protection.
 
 
 2
 Mr. Rivard has failed to make a substantial showing of the denial of a constitutional or federal right, see Barefoot v. Estelle, 463 U.S. 880, 893 (1983), therefore we DENY him a certificate of probable cause and DISMISS the appeal.
 
 
 3
 The mandate shall issue forthwith.
 
 
 
 *
 After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Mr. Rivard filed his petition for habeas corpus in July 1995, therefore the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 do not apply